UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 17-cr-0048 (WMW/TNL) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| CJ Bettis, | |
| Defendant. | |

This matter is before the Court on the June 19, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 37.) The R&R concludes that Defendant CJ Bettis has standing to challenge the November 8, 2016 search of an automobile in which Bettis was the driver. The R&R then recommends denying Bettis's motion to suppress the evidence obtained from that search because law enforcement had probable cause to support the search. Bettis objects to the R&R's probable cause determination, (Dkt. 40), and the United States objects to the R&R's standing determination, (Dkt. 43). For the reasons addressed below, the Court overrules the parties' objections, adopts the R&R, and denies Bettis's motion to suppress.

**BACKGROUND**

As the relevant factual background and procedural history are addressed in detail in the R&R, the Court need not repeat them at length here. The summary that follows is

based on facts that are undisputed for the purpose of the Court's resolution of the issues addressed in the R&R and the parties' objections.[1]

Bettis has multiple prior convictions arising from the possession or distribution of heroin. He finished serving a prison sentence for his most recent conviction in 2015. In summer 2016, law enforcement learned from confidential informants that Bettis and his family members were selling heroin. In addition, an anonymous tipster told law enforcement in September 2016 that Bettis had 300 grams of heroin hidden at his residence. The tipster's information was not corroborated, however. Based on all of the information received, law enforcement officers obtained a court order permitting them to track Bettis's movements using the GPS technology in a cellular telephone believed to be associated with Bettis.

On November 7, 2016, Minneapolis Police Officer Benjamin Henrich learned that the telephone associated with Bettis was in Chicago, and Officer Henrich knew that Bettis was using a Toyota Camry that had been rented by Bettis's wife. Suspecting that Bettis had driven the Toyota Camry to Chicago to obtain heroin, Officer Henrich coordinated with other law enforcement officers to surveil and possibly intercept Bettis on his return trip from Chicago. On November 8, 2016, Minnesota State Patrol Trooper Derrick Hagen, who was a member of Officer Henrich's surveillance team, located the Toyota Camry on Interstate 94 and observed it commit three traffic violations. Based on his observations, Trooper Hagen initiated a traffic stop of the Toyota Camry at 4:53 p.m.

---

[1] Bettis contends that the R&R mischaracterizes several facts. Because these facts are immaterial to the Court's analysis, the Court need not resolve these disputed characterizations.

The driver of the Toyota Camry, who Trooper Hagen recognized as Bettis, gave false identification information to Trooper Hagen. Trooper Hagen identified the female passenger in the vehicle as Dalia Taha, a friend of Bettis.

Trooper Hagen detected the odor of marijuana coming from the passenger compartment of the vehicle and moved Bettis to the back of the squad car. Next, Trooper Hagen questioned both Bettis and Taha separately about their trip to Chicago. Taha told Trooper Hagen that she went to Chicago with Bettis for one day to attend a funeral; but she did not know who died or on what day the funeral had occurred. Bettis told Trooper Hagen that he took his son to Chicago three days earlier to attend a birthday party for his cousin. Bettis did not mention a funeral.

Trooper Hagen walked his drug-detection canine, Jack, around the Toyota Camry. Jack is trained to detect odors, including those from marijuana and heroin. Jack alerted on the exterior of the driver's door and, when brought inside the vehicle, indicated the presence of drugs by scratching on the center console cup holder area. Marijuana remnants were found in the vicinity of the center console cup holder. Trooper Hagen and two other troopers searched the vehicle, but they found no contraband. Because the law enforcement officers continued to suspect that heroin was hidden in the vehicle, Officer Henrich directed that the vehicle be seized for a more thorough search. The vehicle was taken to the Hopkins Police Department garage. During a canine search the next day, the odor of narcotics was detected in the vehicle. Law enforcement officers obtained and executed a search warrant, seizing approximately 200 grams of heroin from a hollowed-out cavity in the driver's headrest.

The Indictment in this case charges Bettis with distribution of heroin and possession with intent to distribute heroin. Bettis filed several pretrial motions, including a motion to suppress the evidence obtained as a result of the search of the Toyota Camry. The magistrate judge held an evidentiary hearing on April 21, 2017, and subsequently issued an R&R that recommends denying Bettis's motion to suppress evidence. The R&R first concludes that Bettis has standing to challenge the search in light of his wife's testimony that she gave him permission to use the Toyota Camry. The R&R next rejects Bettis's argument that probable cause dissipated when the officers did not locate contraband or other evidence during their initial roadside search and concludes that the law enforcement officers had probable cause to seize the Toyota Camry for the purpose of continuing their search.

## ANALYSIS

Bettis objects to the R&R's probable cause determination, and the United States objects to the R&R's standing determination. This Court reviews each determination de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

**I. Standing**

As a threshold matter, the R&R concludes that Bettis has standing to challenge the search of the rental car. The United States had 14 days from the date of the R&R to object to the R&R's standing determination. LR 72.2(b)(1). It did not do so. Instead, the United States objects to this aspect of the R&R for the first time in its response to Bettis's objections. The United States' objection, therefore, is untimely.

Notwithstanding its untimeliness, the United States' objection also lacks merit. The R&R concludes that Bettis has standing to challenge the search of the rental car even though it was not rented in his name, he was not listed on the rental agreement as an authorized driver, and he lacks a driver's license. In support of this conclusion, the R&R relies on governing Eighth Circuit precedent, which provides that a defendant has standing to challenge the search of a rental car if the defendant presents "at least some evidence of consent or permission from the lawful . . . renter to give rise to an objectively reasonable expectation of privacy." *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995); *accord United States v. Best*, 135 F.3d 1223, 1225 (8th Cir. 1998). Because the record undisputedly demonstrates that Bettis's wife gave Bettis permission to use the rental vehicle, the R&R concludes that Bettis has standing to challenge the search.

In support of its objection to this conclusion, the United States first argues that the Eighth Circuit's precedent in *Muhammad* and *Best* is "nonsensical" and "was adopted without any serious analysis of the distinction between privately owned vehicles and rental vehicles." This Court has no authority to disregard Eighth Circuit precedent. Moreover, the Eighth Circuit has consistently and recently recognized the continued validity of the rule articulated in *Muhammad* and *Best*. *E.g.*, *United States v. Russell*, 847 F.3d 616, 618-19 (8th Cir. 2017); *United States v. Anguiano*, 795 F.3d 873, 878 (8th Cir. 2015); *United States v. Lumpkins*, 687 F.3d 1011, 1013 n.2 (8th Cir. 2012). The United States' disagreement with this precedent supplies no legal basis for rejecting the R&R's standing determination.

The United States argues in the alternative that the facts of this case do not support application of the Eighth Circuit's rule because Bettis's wife was helping Bettis evade detection by obtaining rental cars under false pretenses. But the law merely requires a defendant to provide "at least some evidence of consent or permission from the lawful . . . renter." *Muhammad*, 58 F.3d at 355. Bettis has done so here. His wife, who was the lawful renter of the Toyota Camry, testified at the suppression hearing that she gave Bettis permission to use the vehicle. The United States cites no legal authority for its assertion that such permission is invalidated by the lawful renter's suspected unlawful motive.

For these reasons, the Court overrules the United States' objection to the determination that Bettis has standing to challenge the constitutionality of the search at issue here.

## II. Probable Cause

Bettis objects to the R&R's conclusion that the law enforcement officers had probable cause to seize the vehicle for the purpose of continuing their search. Bettis argues that the probable cause dissipated when law enforcement officers discovered a miniscule amount of marijuana debris in the Toyota Camry and nothing more. This argument lacks merit for several reasons.

First, as the R&R correctly observes, law enforcement officers are not required to discover new evidence in the course of an initial search so as to justify the continuation of that search. Although the discovery of additional evidence can bolster probable cause that already exists, it is not a requirement to justify a prolonged search. *See United States*

6

*v. Olivera-Mendez*, 484 F.3d 505, 512-13 (8th Cir. 2007) (observing that officer "made several new discoveries that *further justified* his continued search for contraband and *sharpened the focus* on a hidden compartment containing drugs" (emphasis added)). The proper focus of the inquiry is whether the existing probable cause has dissipated, not whether a new basis for probable cause has been discovered.

Second, as the United States correctly argues, the record demonstrates that the officers made several discoveries during the course of the traffic stop and initial roadside search that justified the officers' seizure of the vehicle for the purpose of continuing the search for contraband. Bettis gave Trooper Hagen a false identification and told Trooper Hagen information about the duration and purpose of his trip to Chicago that was inconsistent with Taha's account of those facts, actions which support a reasonable inference that Bettis had something to hide. *See, e.g.*, *United States v. Sanchez*, 417 F.3d 971, 976 (8th Cir. 2005) (recognizing that inconsistent accounts from multiple vehicle occupants suggest possible criminal activity). This inference—when combined with law enforcement's collective prior knowledge that Bettis has a history of trafficking heroin from Chicago and had recently renewed his efforts to sell heroin—establishes probable cause for the officers to believe that Bettis was hiding more than miniscule amounts of marijuana remnants. In addition, Officer Hagen testified that drug dealers sometimes use marijuana to conceal the odor of other drugs. The totality of these circumstances supports the continuation of the vehicle search and, "once a reasonable basis for [the] search of an automobile has been established, the search need not be completed on the

shoulder of the road." *United States v. Casares-Cardenas*, 14 F.3d 1283, 1286 (8th Cir. 1994).

Accordingly, the Court overrules Bettis's objection as to the probable cause determination.

**ORDER**

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant CJ Bettis's objection, (Dkt. 40), to the June 19, 2017 R&R is **OVERRULED**;

2. Plaintiff United States of America's objection, (Dkt. 43), to the June 19, 2017 R&R is **OVERRULED**.

3. The June 19, 2017 R&R, (Dkt. 37), is **ADOPTED**; and

4. Bettis's motion to suppress evidence, (Dkt. 23), is **DENIED**.

Dated: August 7, 2017                  s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge