UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CJ Bettis,<br><br>　　　　　　Defendant. | Case No. 17-cr-0048 (WMW/TNL)<br><br>**ORDER** |

　　　　Defendant CJ Bettis was indicted on charges of possession with intent to distribute heroin and distribution of heroin in March 2017.  Following a bench trial, the Court found Bettis guilty of the federal charges and subsequently sentenced Bettis to 120 months' imprisonment.  Now before the Court are Bettis's two *pro se* letters pertaining to the calculation of jail credit.  (Dkts. 137, 141.)  Bettis seeks pretrial jail credit and asks the Court to "look into" the BOP's alleged miscalculation of his jail credit.  Bettis also asks this Court to retroactively order or recommend to the Federal Bureau of Prisons (BOP) that his federal sentence run concurrently with a later-imposed state sentence.

　　　　As the Court previously observed in response to *pro se* letters Bettis filed in September and December 2019, this Court lacks the authority to calculate jail credit because that authority rests with the BOP.  *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  To the extent that Bettis asks this Court to recalculate his jail credit, or "look into" an alleged miscalculation of his jail credit by the BOP, this Court lacks the

authority to do so unless Bettis first exhausts his administrative remedies and then seeks judicial review by filing a habeas petition.  *See id.*

Bettis also contends that his federal sentence should run concurrently with a later-imposed state sentence.  Prior to his indictment in federal court, Bettis had been convicted of a drug offense in Minnesota state court.  As a result of a supervised-release violation in that case, Bettis had an active warrant for his arrest and was on fugitive status when he was apprehended on the federal charges in this case.  After the imposition of his sentence in this case, Bettis was transferred from the custody of the United States Marshals Service to the Minnesota Department of Corrections to serve the remainder of his sentence in the state case.  Neither Bettis nor the United States addressed Bettis's state sentence at the sentencing hearing in this case.

Generally, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms are to run concurrently."  18 U.S.C. § 3584.  And the United States Sentencing Guidelines provide that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment," which includes fugitive status, "the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."  U.S.S.G. § 5G1.3.  Here, the Court did not order Bettis's federal sentence to run concurrently with a state sentence.  Moreover, Bettis committed the federal offense in this case while he was serving an undischarged term of imprisonment for his state-court conviction.  For these reasons, Bettis's request that this Court retroactively order or recommend to the BOP that his federal sentence run concurrently with his state sentence is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant CJ Bettis's *pro se* letter requests, (Dkts. 137, 141), are **DENIED**.

Dated: May 11, 2020                             s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge