UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0048 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTIONS AND SENTENCE** |
| CJ Bettis, | |
| Defendant. | |

This matter is before the Court on Defendant CJ Bettis's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 142.) Plaintiff United States of America opposes the motion. Bettis also moves for the appointment of counsel to assist him with his Section 2255 motion. (Dkt. 151.) For the reasons addressed below, both motions are denied.

## BACKGROUND

The United States charged Bettis by indictment in March 2017 with one count of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In August 2017, this Court adopted the magistrate judge's recommendation to deny Bettis's motion to suppress evidence that law enforcement officers obtained from an automobile search. Bettis subsequently waived his right to a jury trial and, following a two-day bench trial, the Court found Bettis guilty of the three counts charged in the indictment. On June 8, 2018, the Court sentenced Bettis to 120 months' imprisonment.

On appeal to the United States Court of Appeals for the Eighth Circuit, Bettis challenged only the denial of his motion to suppress evidence. *United States v. Bettis*, 946 F.3d 1024, 1026 (8th Cir. 2020). The Eighth Circuit affirmed. *Id.* In doing so, the Eighth Circuit also observed that, because Bettis had not presented any arguments challenging his two convictions of distributing heroin, he has waived any challenges to those convictions. *Id.* at 1027 n.2.

On May 7, 2020, Bettis filed the pending motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255, arguing that his trial attorney provided ineffective assistance. Bettis contends that, when seeking to suppress evidence before trial, his trial attorney failed to challenge several aspects of the underlying traffic stop and search of the rental vehicle that Bettis was driving—namely, a tracking order obtained by law enforcement, the traffic violations that formed the basis of the traffic stop, the law enforcement officer's claim that he smelled the odor of marijuana emanating from the rental vehicle, and the search warrant for the rental vehicle that law enforcement officers subsequently obtained. In addition, Bettis argues that his trial attorney did not adequately investigate a witness who testified against Bettis at trial. Bettis also seeks court-appointed counsel to assist him with his Section 2255 motion.

**ANALYSIS**

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A defendant seeking such relief "cannot raise a

nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). It is the defendant's burden to establish that Section 2255 relief is warranted. *See Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

## I.      Ineffective Assistance of Counsel

In support of his Section 2255 motion, Bettis argues that his defense attorney provided ineffective assistance. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A criminal defendant is constitutionally entitled to the *effective* assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). A defendant may bring a claim of ineffective assistance of counsel in a collateral proceeding under Section 2255 even if the defendant could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating the reasonableness of defense counsel's conduct, courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690. The

3

Court addresses, in turn, each asserted basis for Bettis's claim of ineffective assistance of counsel.

### A. Tracking Warrant

Bettis first argues that his counsel was ineffective by failing "to challenge the elements and circumstances behind the GPS pinging (and its Affidavit) . . . which was approved absent Oath, Affirmation, or stipulated personal knowledge."

The record includes a copy of the September 26, 2016 search warrant that law enforcement officers obtained from a Minnesota district judge to track the physical location of Bettis's cellular telephone. The record also includes the affidavit of South West Hennepin Drug Task Force Detective Travis Serafin, which law enforcement officers submitted in support of the tracking warrant application. The affidavit is based on both Detective Serafin's personal knowledge and detailed information that he obtained from two confidential reliable informants. This evidence contradicts Bettis's contention that the tracking order was "approved absent Oath, Affirmation, or stipulated personal knowledge."

Bettis contends that the affidavit used to obtain the tracking warrant was defective because the affiant, Detective Serafin, was later accused of falsifying a search warrant affidavit in an unrelated case in 2017. The United States does not dispute that Detective Serafin was accused of falsifying a search warrant affidavit, which resulted in the termination of Detective Serafin's employment by the Eden Prairie Police Department and the dismissal of several Minnesota criminal cases in which Detective Serafin was a witness. But as the United States correctly observes, Detective Serafin's alleged misconduct in that

4

unrelated case does not demonstrate that Bettis's counsel was ineffective by not challenging the validity of the tracking warrant in this case.[1]

A defendant's Section 2255 arguments that counsel was ineffective may be dismissed without a hearing if those arguments are based on allegations that are "inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Counsel is not ineffective by failing to bring a motion that is unlikely to succeed. *See, e.g.*, *Allen v. Nix*, 55 F.3d 414, 417 (8th Cir. 1995) (affirming denial of ineffective-assistance claim for failure to bring motion to suppress that was "probably not likely to succeed"). Bettis alleges that his counsel was ineffective by failing to challenge the tracking warrant. But the tracking warrant and the underlying affidavit are not facially defective, nor does Bettis credibly identify a specific defect in the tracking warrant or the underlying affidavit that his counsel failed to challenge.

For these reasons, Bettis has not demonstrated that he received ineffective assistance of counsel on this basis.

### B. Traffic Stop

Bettis next argues that his counsel was ineffective by failing to challenge whether Minnesota State Patrol Trooper Derrick Hagen had probable cause to stop the rental vehicle

---

[1] Although an arbitrator later reinstated Detective Serafin's employment and concluded that the falsified search warrant affidavit resulted from an unintentional error, the United States acknowledges that the City of Eden Prairie might challenge the arbitrator's decision in court. But the outcome of any disciplinary action against Detective Serafin for conduct unrelated to this case is immaterial to this Court's analysis.

that Bettis was driving. Bettis also contends that his counsel failed to challenge whether it was "humanly possible" for Trooper Hagen "to detect the scent of 'raw' marijuana 'remnants' inside of a vehicle while . . . standing outside the vehicle" during the traffic stop.

Trooper Hagen testified at the suppression hearing that he initiated a traffic stop after observing Bettis commit three traffic violations. Trooper Hagen also testified that, during the traffic stop, he detected the odor of marijuana coming from the rental vehicle. Bettis argues that his counsel failed to "confront, challenge, [or] object" to Trooper Hagen's testimony. Bettis offers no evidence or specific argument as to what aspect of Trooper Hagen's testimony should have been challenged or the grounds for doing so, however. Bettis contends that he was not charged with the three alleged traffic violations, but he does not contend that the traffic violations did not occur. Nor does Bettis identify any specific factual or legal basis on which his counsel should have challenged Trooper Hagen's testimony that he detected the odor of marijuana during the traffic stop.

In summary, Bettis has not demonstrated that he received ineffective assistance of counsel on this basis.

### C. Vehicle Impoundment

Bettis next argues that his counsel was ineffective by failing to challenge the impoundment of the rental vehicle that he was driving. According to Bettis, federal law enforcement officers unlawfully "took possession of the vehicle absent a search or seizure warrant." The record belies this argument. Bettis's counsel challenged the impoundment of the rental vehicle, both in this Court and before the Eighth Circuit. Both this Court and

the Eighth Circuit rejected those arguments. *Bettis*, 946 F.3d at 1027, 1029–31. As Bettis identifies no defect in his counsel's performance as to this issue, he has not demonstrated that he received ineffective assistance of counsel on this basis.

    **D.**    **Search Warrant**

Bettis next argues that his counsel was ineffective by failing to challenge the validity of the search warrant that law enforcement officers obtained to search the rental vehicle. According to Bettis, the underlying search warrant affidavit prepared by Detective Serafin included "misleading statements" that minimized how thoroughly the rental vehicle had been searched during the traffic stop and falsely stated that the roadside search ended because of safety concerns due to the time of day.

Contrary to Bettis's arguments, the allegedly "misleading statements" in Detective Serafin's search warrant affidavit are consistent with testimony presented at the suppression hearing and do not materially undermine the validity of the search warrant. Bettis identifies no specific or credible basis on which his counsel should have, but did not, challenge the validity of the search warrant for the rental vehicle. To the extent that Bettis's argument arises from Detective Serafin's alleged misconduct in an unrelated case, this argument also is unavailing. As addressed above, allegations about police misconduct in an unrelated case are insufficient to demonstrate that Bettis's counsel performed ineffectively by not challenging the validity of a search warrant in this case.

Accordingly, Bettis has not demonstrated that he received ineffective assistance of counsel on this basis.

### E.   Witness Investigation

Bettis next argues that his counsel was ineffective by failing to obtain a pretrial statement from a witness who testified against Bettis at trial and by failing to subpoena the telephone records of that witness.

At Bettis's trial, the United States presented the testimony of Joseph Dunsmore, who conducted the controlled purchases of heroin from Bettis that formed the basis for Bettis's two convictions of heroin distribution.  Bettis contends that his counsel should have obtained a pretrial statement from Dunsmore and subpoenaed Dunsmore's telephone records for use during the cross-examination of Dunsmore at trial.  To establish that counsel provided ineffective assistance by failing to adequately investigate a witness, a defendant typically must demonstrate that the witness would have provided useful information.  *See Sanders v. Trickey*, 875 F.2d 205, 209–10 (8th Cir. 1989) (concluding that counsel's failure "to interview a witness she had little reason to believe would be useful or helpful" did not demonstrate ineffective assistance of counsel).  Bettis fails to identify what information his counsel might have obtained by interviewing Dunsmore or obtaining a subpoena for his telephone records, let alone how that information could have been useful to Bettis at trial. Even if a more thorough investigation of Dunsmore might have resulted in useful information, Bettis has not demonstrated how he was prejudiced by not obtaining such information.  *See id.* at 910 (observing that "in the cases in [the Eighth Circuit] holding that inadequate assistance of counsel prejudiced a defendant, a clear showing was made that important potential testimony would have been discovered in an interview").  The record establishes that Bettis's counsel cross-examined Dunsmore at length and sought to

8

undermine Dunsmore's credibility. Bettis's claims to the contrary fail to demonstrate either his counsel's ineffectiveness or any resulting prejudice to Bettis.

Accordingly, Bettis has not demonstrated that he received ineffective assistance of counsel on this basis.

## II.   Motion to Appoint Counsel

Bettis also moves for the appointment of counsel to assist him with his Section 2255 motion.

A district court must decide whether a hearing is necessary to determine the merits of a Section 2255 motion. *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001). If an evidentiary hearing is required, the district court must appoint counsel for a defendant who qualifies for such appointment. *Id.* (citing Rule 8(a), (c), Rules Governing Section 2255 Proceedings for the United States District Courts). A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts. *See* 28 U.S.C. § 2255(b). But an evidentiary hearing is not required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003).

Here, for the reasons addressed above, Bettis's allegations are contradicted by the record, are inherently incredible, are conclusions rather than statements of fact, or would not entitle him to relief even if they were accepted as true. As such, an evidentiary hearing

is not warranted. Because an evidentiary hearing on Bettis's Section 2255 motion is unnecessary, Bettis has not demonstrated that the appointment of counsel is warranted.

Bettis's motion to appoint counsel is denied.

### III.     Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above, Bettis has not done so here. Accordingly, no certificate of appealability shall issue.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Defendant CJ Bettis's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 142), is **DENIED**.

2.     Defendant CJ Bettis's motion to appoint counsel, (Dkt. 151), is **DENIED**.

3.     No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  April 1, 2021                                                          s/Wilhelmina M. Wright
                                                                                          Wilhelmina M. Wright
                                                                                          United States District Judge